·BLANCHE FULLERTON V. C. J. DILWORTH ET AL.

FILED APRIL 21, 1897.    No. 7161.

Contribution Between Sureties: PLEADING. A sued B and others, alleging that B and the other defendants had with C and others named executed as sureties a bond for the faithful performance of the duties of a county treasurer; that the treasurer had embezzled a certain sum of money which C and others, not parties to the suit, had paid to the county in discharge of their obligations; that thereafter the county had assigned its rights to A in trust for C and the other paying sureties. The petition prayed contribution from the defendants. It did not allege that the assignment by the county to the plaintiff was in pursuance of any agreement with the paying sureties by which A was constituted their trustee. *Held,* That it stated no cause of action in favor of A.

ERROR from the district court of Adams county. Tried below before BEALL, J.   *Affirmed.*

*A. H. Bowen,* for plaintiff in error.

*Smith & McCreary, Batty & Dungan, M. A. Hartigan, F. P. Olmstead,* and *Tibbets, Morey & Ferris, contra.*

IRVINE, C.

The plaintiff was plaintiff in the district court. Several of the defendants filed demurrers to the petition. These demurrers were sustained and the plaintiff electing to stand on the petition, a judgment of dismissal was en-

tered.  The petition is very long, but its substance can be
stated without undue prolixity.  It alleges that on the
8th day of January, 1890, the defendants, together with
Mark Levy and certain other persons named, as sureties
for one Charles H. Paul, executed a certain bond to the
county of Adams conditioned for the faithful perform-
ance by Paul of his duties as treasurer of said county,
which bond was duly filed and approved; that Paul quali-
fied and entered upon his duties as treasurer; that during
his term of office he embezzled public moneys coming into
his hands in the sum of $21,770.25; that in January, 1892,
said Levy and others named, the co-sureties of the defend-
ants, made a full and complete settlement of said defalca-
tion and embezzlement with the board of supervisors of
said county, "and then and there paid into the treasury
of said county the full sum of $21,770.25, being the
amount so embezzled by said Paul, the principal on said
bond; that on the 14th day of January, 1893, said county
of Adams, by its board of supervisors in regular session,
duly assigned all their right, title, and interest in and to
the said obligation bond aforesaid to this plaintiff in
trust for the said Mark Levy" and other sureties named.
The petition then alleges the insolvency of Paul and cer-
tain of the sureties and prays for an accounting and for
contribution by the solvent defendants.  The demurrers
are not all alike, but one ground in each is that the peti-
tion does not state a cause of action.  We think that
clearly it does not in favor of the plaintiff.  The petition
does not allege that plaintiff was one of the sureties.
Without regard to the legal question which would arise
on such an allegation, it does not allege that plaintiff paid
the county and took an assignment of its cause of action
in consideration of such payment.  On the other hand, it
affirmatively avers that certain of the sureties made the
payment in discharge of the obligation, and then avers
that the following year the county assigned its claim to
the plaintiff as trustee for those sureties.  If the aver-
ment of payment and discharge is true, the county had

afterwards nothing to assign. The sureties who paid the obligation had a right of action for contribution in themselves as against the other sureties immediately upon the payment. No assignment by the county was required to vest in them that cause of action. It is not alleged that the assignment was taken from the county to the plaintiff in pursuance of any agreement between the plaintiff and the paying sureties by which plaintiff was constituted their trustee. The arrangement as pleaded was simply between the county and plaintiff. The county had no rights to transfer.

AFFIRMED.

RAGAN, C., not sitting.